**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RICARDO CORREDOR,

    Petitioner,

v.                                                   No. CV 12-0186 JH/CEG

ERIC HOLDER, UNITED STATES
ATTORNEY GENERAL, ET AL.,

    Respondents.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 2254 R. 1(b), 4, on Petitioner's Petition Pursuant To 28 U.S.C. § 2241, and INA § 241 [8 U.S.C. § 1231] (the "petition"). Petitioner, who is not an American citizen, is confined in a New Mexico prison serving a sentence imposed by the United States District Court for the District of Arizona[1] in 2011. The petition's central allegation is that Immigration and Customs Enforcement ("ICE") will keep Petitioner in custody for removal proceedings when his criminal incarceration ends. In the Petition's "Conclusion," Petitioner asks for an order directing immigration officials to implement existing expedited-removal procedures, thus preventing or reducing Petitioner's continued detention after serving his criminal sentence.

    Petitioner seeks judicial relief against ICE officials' discretionary decision whether to expedite his removal proceedings.

> [T]he Attorney General (and, in turn, the INS, as her designee) has broad discretion in deciding, administratively, whether and when to pursue deportation against an alien. The Attorney General's "responsibility in this regard is akin to his responsibility for enforcing the criminal laws: in both situations, he has discretion to refrain from instituting proceedings even though grounds for their commencement

---

[1] The petition initially states that Petitioner's sentence was "imposed by this Court" but later describes a 37-month sentence imposed by the Arizona court.

>may exist." An alien illegally in the United States cannot force the Attorney
>General's hand by the simple expedient of calling attention to his status and
>demanding immediate action.

*Costa v. I.N.S.*, 233 F.3d 31, 37 (1st Cir. 2000) (citations omitted). "An attack on such a discretionary decision is outside the scope of habeas review in § 2241 petitions." *Soler-Somohano v. Gonzales*, 130 F. App'x 298, 300 (11th Cir. 2005) (citing *Cadet v. Bulger*, 377 F.3d 1173, 1184 (11th Cir. 2004) (noting that habeas review of administrative exercise of discretion is impermissible)); *and cf. Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."). Under these rules, Petitioner is not entitled to relief, *see* 28 U.S.C. § 2254 R. 1(b), 4, and the Court will dismiss the petition with prejudice. This dismissal is without prejudice, however, to Petitioner's rights in administrative removal proceedings or in prosecuting claims cognizable under § 2241. *Cf. Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-217 (2007).

   IT IS THEREFORE ORDERED that Petitioner's Petition Pursuant To 28 U.S.C. § 2241, and INA § 241 [8 U.S.C. § 1231] is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE